IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALLAS TINGLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 06-07-JJF ) |
| DR. ROBERTA BURNS and SUSAN SHAPELL, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Dallas Tingle, an inmate at the Sussex Correctional Institute ("SCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on January 17, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 3.) The Court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed without prejudice, pursuant to 28 U.S.C. § 1915 and § 1915A, for failure to state a claim upon which relief may be granted. Plaintiff is given leave to amend his complaint.

I.    **THE COMPLAINT**

Plaintiff alleges that when he arrived at SCI on November 6, 2005, he told a nurse at health care unit that he was diabetic and did not have with him his medication. He also told the nurse of his other medical problems, including a deteriorating disc in the lower back. Plaintiff alleges that he was not given his

medication for almost six and one-half weeks. Also, he alleges that despite submitting sick call slips, he was not seen by anyone in the medical department.

Plaintiff was seen by a nurse on December 21, 2005, and at that time his blood sugar was tested. One week later, on December 27, 2005, Plaintiff was examined by nurse practitioner, Mrs. Francis. He alleges that on various occasions since that time, his medication was not timely administered. Also, he alleges that he is not being tested for sexually transmitted disease or H.I.V. Plaintiff further alleges that subsequent to his December 27, 2005, examination he is being over-medicated in an attempt to "make up" for the past medical neglect. Plaintiff seeks compensatory and punitive damages.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S.

319, 325 (1989).

The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Additionally, a prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. at 104-05.

In the caption of the complaint and in the Section III listing of defendants, Plaintiff names Dr. Roberta Burns ("Dr. Burns") and Susan Shapell, Medical Administrator ("Shapell"). Other than that, there is no mention in the complaint of Dr. Burns or Shapell. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Even construed liberally, the complaint simply does not contain sufficient allegations to alert Defendants of their alleged act or omissions in depriving Plaintiff of adequate medical care.

It may be that Plaintiff seeks to hold Defendants liable on the basis of their supervisory positions. Supervisory liability, however, cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d

4

Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

There is nothing in the complaint to indicate that Defendants were the "driving force [behind]" Plaintiff's alleged constitutional violations. Moreover, the complaint does not indicate that Defendants were aware of Plaintiff's allegations and remained "deliberately indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118.

Based upon the foregoing analysis, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(E)(2)(b). Denial of medical treatment is a serious allegation. Accordingly, Plaintiff is given leave to amend his complaint.

**IV. CONCLUSION**

NOW THEREFORE, at Wilmington this 9 day of February, 2006, IT IS HEREBY ORDERED that:

1. The complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. Plaintiff is given leave to amend the complaint. The amended complaint shall be filed within thirty days from the date of this order. If an amended complaint is not filed within the

time allowed, then the case will be closed.

                                                                                    _____
                                                                                    UNITED STATES DISTRICT JUDGE